**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| Eric Devore & Hilton Head Humane Association, Inc., | ) ) ) | Civil Action No. 9:20-3055-RMG |
| Plaintiffs, | ) ) | |
| v. | ) ) | **ORDER AND OPINION** |
| David Lee Phillips, Personal Representative of the of the Betty Lou Warner Estate, and David Lee Philipps, Individually, | ) ) ) ) | |
| Defendants. | ) ) ) | |

Before the Court is a motion to quash (Dkt. No. 3) by movant the United States of America (the "Government"). For the reasons set forth below, the motion to quash is granted in part and denied in part.

**Background**

This matter was removed by the Government from the Probate Court of Beaufort County, South Carolina, pursuant to 28 U.S.C. § 1442(a)(1), to quash a subpoena commanding retired Special Agent George Graves of the Federal Bureau of Investigation to appear for a deposition in *Devore, et al. v. Phillips, et al.*, Case No. 2019ES070005 (the "Underlying Action"). The Government is not a party to the Underlying Action. In the Underlying Action, Eric Devore and the Hilton Head Humane Association, Inc. ("HHHA") are the petitioners. David Lee Phillips is the respondent.

The Underlying Action concerns a contentious probate dispute regarding the estate of Betty Lou Warner ("Decedent"). In pertinent part, in or around October 2018, Special Agent Graves

1

interviewed Decedent regarding alleged elder abuse on the part of Phillips. (Dkt. No. 3-2 at 5). Phillips, for his part, alleges that Special Agent Graves' visit to Decedent was prompted by a certain Penny Dunbar.  Dunbar, it appears, had contacted the FBI to lodge a complaint of elder abuse against Phillips, (Dkt. No. 3-4 at 24), which thus prompted Special Agent Graves' investigation and subsequent interview with Decedent.

Decedent passed away on December 9, 2018 and Phillips filed an application for informal probate on December 31, 2018.  On November 26, 2019, Devore and HHHA filed a petition for formal testacy, thus commencing the Underlying Action.

On or about August 12, 2020, counsel for Devore served a nonparty state subpoena to Special Agent Graves commanding his appearance to testify at a deposition on August 28, 2020 at 10:00 a.m. (Dkt. No. 3-1).  The subpoena requires Special Agent Graves to testify about the above described investigation in his official capacity as an FBI agent. A prior subpoena seeking to conduct the deposition on July 23, 2020, was accompanied by a letter setting forth a summary of the testimony sought and its relevance to the state proceeding as required by 28 C.F.R. § 16.22(c). (Dkt. No. 3-4 at 9-11).

On July 27, 2020, the Government agreed to allow Special Agent Graves to be deposed. The Government, however, placed limitations on said deposition.  The Government limited the deposition's length to two-hours including any cross-examination and limited the scope of the deposition to "Special Agent Grave's investigation" (the "Limitations"). *See* (*Id.* at 15).  Devore and HHHA both agree to and have never challenged the Limitations, and their August 12, 2020 subpoena purported to comply with the Limitations.

On or about July 31, 2020, counsel for Phillips, however, sent a letter to the Government objecting to the Limitations and requesting that the Government permit Special Agent Graves to

be deposed on roughly 53 additional topics and further requesting that the deposition not be limited to two hours. (*Id.* at 29-32). On August 6, 2020, the Government denied Phillips' request to change the parameters of Special Agent Graves' deposition.

On August 17, 2019 Phillips filed a motion for a protective order in the Underlying Action asking the state probate court to preclude or bar Special Agent Graves's deposition under the limitations set forth by the United States and to issue an order requiring Special Agent Graves to appear for a deposition not subject to the Limitations. (Dkt. No. 1-4).

On August 25, 2020, the Government filed a notice of removal of the state subpoena issued to Special Agent Graves to federal court and filed this motion to quash the subpoena. (Dkt. Nos. 1 & 3). During a hearing held before the Court on September 10, 2020, the Government specified that it still agreed to produce Special Agent Graves for a deposition pursuant to the Limitations. The Government also specified that it seeks to quash only those subpoenas purporting to compel Special Agent Graves to testify in a manner inconsistent with the Limitations. Devore and HHHA support the Government's position. (Dkt. No. 5). Phillips, however, asks the Court to quash even a subpoena purporting to depose Special Agent Graves pursuant to the Limitations. (Dkt. No. 8). In essence, Phillips argues that if Special Agent Graves cannot be deposed free of the Limitations, no party should depose Special Agent Graves at all.

## Discussion

As all parties agree that Special Agents Graves' testimony is relevant to the Underlying Action, and as the Government has agreed to produce Special Agents Graves subject to the Limitations, the Court denies in part the Government's motion to quash, and enforces Devore and HHHA's subpoena to depose Special Agent Graves to the extent that Devore and HHHA seek to depose Special Agent Graves subject to the Limitations. *See* (Dkt. No. 3 at 4) ("As a practical

matter, the United States has authorized Special Agent Graves to testify for a limited period of time and on the limited topic of his investigation."); *Boron Oil Co. v. Downie*, 873 F.2d 67, 70 (4th Cir. 1989) (noting federal agencies have a compelling interest in "conserv[ing] governmental resources where the United States is not a party to a suit, and to minimize governmental involvement in controversial matters unrelated to official business"); *see also COMSAT Corp. v. Nat'l Sci. Found.*, 190 F.3d 269 (4th Cir. 1999).

However, the Court grants the Government's motion to quash to the extent that the Court quashes all subpoenas purporting to compel the Government to produce Special Agent Graves to testify in any manner other than as subject to the Limitations. *Smith v. Cromer*, 159 F.3d 875, 879 (4th Cir. 1998) (noting a state court order compelling a federal official to comply with a state court subpoena is "an action against the United States, subject to the governmental privilege of sovereign immunity"); *Boron Oil Co.*, 873 F.2d at 70 (noting "[t]he doctrine of sovereign immunity precludes the state court—and the federal court which gained limited jurisdiction upon removal—from exercising jurisdiction to compel [a federal officer] to testify contrary to [the agency's] instructions").

### Conclusion

For the foregoing reasons, the Court **GRANTS IN PART and DENIES IN PART** the Government's motion to quash (Dkt. No. 3). The motion is **GRANTED** to the extent that the Court quashes all subpoenas purporting to compel the Government to produce Special Agent Graves to testify in any manner other than as subject to the limitations prescribed by the Government itself. The motion is **DENIED** to the extent that the Court **ENFORCES** Devore and HHHA's subpoena to the extent that it seeks to command Special Agent Graves to be deposed in accordance with those limitations set by the Government.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
United States District Court Judge

September 10, 2020
Charleston, South Carolina